## Marshall *v.* American Stores Company, Appellant.

*Negligence—Automobile—Truck—Collision with—Release of claim for personal injury—Effect on claim for property damage.*

In an action to recover for damages to plaintiff's automobile resulting from a collision with defendant's truck, it appeared that plaintiff's wife sustained personal injuries in the collision. It further appeared that plaintiff and his wife executed a release discharging the defendant from any claim because of loss or injury sustained by them in consequence of an "accident—whereby Mrs. Helene Marshall sustained injuries."

Under such circumstances the court properly held that the release applied only to the personal injuries sustained by plaintiff's wife and did not bar a claim for damages to the automobile.

Argued November 18, 1925. Appeal No. 288, October T., 1925, by defendant, from judgment M. C. Philadelphia County, No. 477, July T., 1923, in the case of W. F. Marshall v. American Stores Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages to an automobile. Before KNOWLES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $1,120.93 and entered judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Richard A. Smith,* and with him *Louis Wagner,* for appellant.—The release was general: Ogden v. Trac-

tion Co., 202 Pa. 485; Hug v. Hall, 79 Pa. Superior Ct.
395; Fields v. Phila. R. T. Co., 273 Pa. 282.

*F. Carroll Fow,* for appellee.—The release did not
bar plaintiff's action for property damage: Frankel
v. Quaker City Cab Co., 82 Superior Ct. 219; Matlack's
Appeal, 7 W. & S. 79; Cottrell's Estate, 11 Phila. 93;
Naglee's Estate, 10 Pa. C. C. 525.

OPINION BY GAWTHROP, J., February 26, 1926:
Defendant's truck collided with plaintiff's automo-
bile, in which he and his wife were riding. The wife
was injured and the automobile was damaged. This
suit for the damages to the automobile was tried be-
fore a judge without a jury, and plaintiff has a judg-
ment from which defendant appeals. The only ques-
tions properly raised by the assignments are: (1) Was
defendant's motion for judgment notwithstanding the
findings of the trial judge properly refused; (2) was
there error in the admission of evidence?
    (1) The accident occurred September 19, 1921. On
November 16, 1921, plaintiff and his wife signed and
delivered to defendant a release, the material part of
which was as follows: "In consideration of the pay-
ment of six hundred and 00/000 Dollars to us in hand
paid by American Stores Company we do hereby re-
lease and forever discharge said American Stores
Company from any and all actions, causes of actions,
claims and demands for, upon or by reason of any
damage, loss or injury which heretofore have been or
which hereafter may be sustained by us in consequence
of an accident, which occurred on or about the 19th
of September, 1921, on White Horse Pike about two
miles below Hammonton, N. J., whereby Mrs. Helene
Marshall sustained injuries as the result of the auto-
mobile in which she was riding being struck by a truck
of the American Stores Company." Appellant's con-
tention is that this release was a bar to the present

action, because it covered damage to the automobile, as well as the personal injuries sustained by Mrs. Marshall. The learned trial judge thought that it applied only to the personal injuries of Mrs. Marshall. The conclusion was correct. The language, ''an accident, which occurred on or about the 19th of September......whereby Mrs. Helene Marshall sustained injuries,'' clearly limits the instrument to the damages sustained by the husband and the wife as the result of the wife's injuries. There is no specific reference in the release to the fact that the automobile was damaged. It was not a bar to the present claim. The first assignment of error is overruled.

(2) Plaintiff was permitted to testify as to the negotiations between him and the defendant's insurance adjuster leading up to the settlement referred to in the release and state that the understanding between them was that the release covered only the damages resulting from the wife's injuries. If the release is ambiguous the parol evidence as to the intention of the parties was relevant and admissible. If it was not, the admission of the evidence did defendant no harm. In fairness to the learned trial judge, it should be stated that before this parol testimony was admitted he stated that he would rule that the release applied only to the personal injuries of Mrs. Marshall. Manifestly, the court appreciated that the evidence, which is the subject of this complaint, was not admissible. The second assignment of error is dismissed.

Although the assignment of error complaining that the evidence does not warrant a finding of damages in the amount allowed by the trial judge is not supported by an exception, we have read the evidence and are not satisfied that it was insufficient to sustain the finding.

The judgment is affirmed.

PORTER, J., dissents.